UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

**OSWALDO ARCHIBALD,**
**CARL ROBINSON, FRANK MCNAIR,**
**ISIAH MCMILLIAN and CEDRICK JOHNSON**
*individually*,

                                       **CASE NO.:**

        Plaintiffs,

v.

**BRICKLESS CONSTRUCTION CORP.**

        Defendants.
_____/

**CLASS AND COLLECTION ACTION COMPLAINT AND DEMAND JURY DEMAND**

Plaintiffs, OSWALDO ARCHIBALD ("**Plaintiff ARCHIBALD**" or "**Mr. ARCHIBALD**" or "**Class Action Representative**"), CARL ROBINSON ("**Plaintiff ROBINSON**" or "**Mr. ROBINSON** or "**Class Action Representative**"), FRANK MCNAIR ("**Plaintiff MCNAIR**" or "**Mr. MCNAIR**" or "**Class Action Representative**"), ISIAH MCMILLIAN ("**Plaintiff MCMILLIAN** or "**Mr. MCMILLIAN**" or "**Class Action Representative**"), CEDRICK JOHNSON ("**Plaintiff JOHNSON"** or "**Mr. JOHNSON**" or "**Class Action Representative**"), collectively ("**Plaintiffs**") by and through their undersigned counsel, hereby file this suit against BRICKLESS CONSTRUCTION CORP. ("**Defendant**" and/or "**BRICKLESS**"), and alleges as follows:

1

## NATURE OF ACTION

1. This is an action for relief from violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). and seeks damages to redress the injuries Plaintiffs suffered as a result of being exposed to hostile work environment, race discrimination, retaliation, and unlawful termination.

2. This action is to redress Defendants' unlawful employment practices against Plaintiffs, including Defendants' unlawful discrimination against Plaintiffs with regards to their employment on the basis of race and color, hostile work environment predicated on racial discrimination, employer retaliation as a result of Plaintiff's opposition to unlawful discrimination, and Defendants' wrongful termination of Plaintiffs on the basis of Plaintiff's opposition to aforementioned unlawful practices.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1981 ("**Section 1981**").

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under 42 U.S.C. § 1981.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

6. Plaintiff ARCHIBALD is an individual Black-Trinidadian man and is a resident of the State of Florida and resides in the Miami-Dade County.

7. At all times relevant to this Complaint, Plaintiff ARCHIBALD identifies himself as a Black-Trinidadian man.

8. Plaintiff ROBINSON is an individual Black man and is a resident of the State of Florida and resides in the Miami-Dade County.

9. Plaintiff MCNAIR is an individual African American male and is a resident of the State of Florida and resides in the Miami-Dade County.

10. Plaintiff MCMILLIAN is an individual African American male and is a resident of the State of Florida and resides in the Miami-Dade County.

11. Plaintiff JOHNSON is an individual Black man and is a resident of the State of Florida and resides in the Miami-Dade County.

12. At all times relevant to this Complaint, Plaintiffs identify themselves as Black men.

13. Plaintiffs are citizens of Florida and the United States.

14. Defendant BRICKLESS is a for profit corporation, existing by the virtues and laws of the State of Florida.

15. At all material times, Defendant BRICKLESS is a construction company, located and operated in Miami-Dade County in the State of Florida.

## STATEMENT OF FACTS

16. Plaintiffs bring forth this action in Federal Court pursuant to 42 U.S.C. § 1981 ("**Section 1981**").

17. In or around March 2019, BRICKELESS hired Plaintiff ARCHIBALD, he began his employment as a Safety Coordinator which is responsible for ensuring the safety of employees while working on the construction site.

18. In or around March 2019, BRICKELESS hired Plaintiff ROBINSON, he began his employment as a Labor Technician which is responsible for setting up the structural forms for new home construction.

19. In or around March 2019, BRICKELESS hired Plaintiff MCNAIR, he began his employment as a Labor Technician which is responsible for setting up the structural forms for new home construction.

20. In or around March 2019, BRICKELESS hired Plaintiff MCMILLIAN, he began his employment as a Cement/ Concrete Finisher which is responsible for cutting and chipping into concrete cement structures using an electric grinder in order to create entrances and spaces.

21. By way of example, Plaintiff MCMILLIAN wad required to cut into solid cement in order to create space for the air conditioning unit etc. Cutting and chipping into the concrete structure emitted hazardous cement dust which posed a health risk including silicosis and lung cancer, if proper, safe and suitable protective dust mask was not worn. At all times related to this matter, Plaintiff MCMILLIAN was not provided with the appropriate protective wear.

22. In or around April 2019, BRICKELESS hired JOHNSON and he began his employment as a Labor Technician which is responsible for setting up the structural forms for new home construction.

23. At the time that Plaintiff ROBINSON, MCNAIR, MCMILLIAN and JOHNSON were hired, they were offered an hourly pay rate of $15.00. However, BRICKLESS paid Plaintiffs an hourly rate of $13.00 instead and given the duties of a Laborer.

24. Plaintiff ARCHIBALD was initially offered an hourly pay rate of $18.00. However, once he commenced work with BRICKLESS, he was paid an hourly rate of $15.00 instead and was given the duties of a Laborer and not a Safety Coordinator.

25. Plaintiffs were assigned to a team composed of numerous African American Laborers whose job duties consisted of cleaning up the construction site, picking up trash, set up and remove scaffolding, chipped concrete bricks and other miscellaneous tasks. These duties and position were not originally offered nor mentioned to Plaintiffs when given their specified positions.

26. Plaintiffs were also assigned tasks that were far too strenuous to be completed in the time allotted. Plaintiffs were usually given one (1) day to complete the heavy-duty tasks and this would at times included removing debris from new cement construction that had huge piles of leftover debris and construction materials.

27. Plaintiffs contend that non-black employees, specifically Caucasian and Hispanics were treated more favorably and were not given and unduly burdensome workload.

28. Defendant's Foreman/Supervisor ANDRES (Last Name Unknown), Hispanics were given leniency and not warned nor written up for infractions, such as smoking on the job site.

29. Hispanics also routinely received overtime from Defendant's Site Foreman RAFAEL (Last Name Unknown), however when Black employees requested overtime they were routinely denied.

30. Plaintiffs were also treated differently because he did not speak Spanish unlike the other Hispanic workers.

31. ANDRES constantly told Plaintiffs that they needed to learn Spanish in order to work at BRICKLESS.

32. Plaintiffs inquired of ANDRES about being taken off "general clean up" and going to work as the positions they were originally hired for.

5

33. ANDRES advised Plaintiffs that BRICKLESS did not need their specific assigned positions at the time of hire, however a Hispanic male was hired around the same time for the role of the Safety Coordinator.

34. Despite several complaints by Plaintiff to BRICKLESS about the lack of proper safety measures, specifically as it related to providing adequate protective gear for Plaintiffs and other Black employees, BRICKLESS refused to provide the proper protective masks necessary to work in such a hazardous environment, heavily saturated with toxic cement dust.

35. On or about June 06, 2019, after weeks of cutting and chipping into concrete without the proper protective mask and being forced by BRICKLESS to inhale the hazardous cement dust, Plaintiff MCMILLIAN became very ill.

36. Plaintiff MCMILLIAN began to bleed from the nose, coughing up blood filled mucous and throwing up. Plaintiff MCMILLIAN went to RAFAEL to complain about being sick after inhaling the concrete.

37. Rafael told Plaintiff MCMILLIAN he could seek medical attention, but he would need a doctor's note in order to return to work.

38. In or around June 2019, Plaintiffs received a phone call from Defendant's Administrator Miriam Lopez advising them that because BRICKLESS did not have the appropriate permit to for them to continue working at the site, they are terminated.

39. Hispanics doing the exact same work as labor technicians were not terminated and were allowed to continue working in the same capacity.

40. These are just some examples of the unlawful discrimination and retaliation to which the Defendant have subjected Plaintiffs.

41. Defendant discriminated against Plaintiffs as it related to the terms and conditions of their employment because of Plaintiff's race, and color characteristics.

42. Defendant subjected Plaintiffs to a hostile work environment based on Plaintiff's race, and color characteristics.

43. Defendant retaliated against Plaintiffs because they complained, reported or otherwise opposed Defendant's illegal conduct.

44. Plaintiffs' claims a continuous practice of discrimination and make all claims herein under the continuing violations doctrine.

45. As a result of Defendant unlawful and discriminatory actions, Plaintiffs has endured humiliation resulting in severe emotional distress, severe depression, extreme anxiety, and accompanying physical ailments.

46. As a result of Defendant's unlawful and discriminatory actions, Plaintiffs have endured and continue to endure financial hardships and irreparable damage.

47. As a result of the acts and conduct complained of herein, Plaintiffs has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiffs has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiffs further claims aggravation, activation, and/or exacerbation of any preexisting condition.

48. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiffs demands punitive damages against Defendant, jointly and severally.

49. Plaintiffs' claims alternatively (in the event Defendants claim or the Court determines) that Plaintiffs are Independent Contractors; Plaintiffs makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

## COUNT I:
## DISCRIMINATION UNDER 42 U.S. CODE § 1981
## BY ALL PLAINTIFFS

50. Plaintiffs incorporates by reference each and every allegation made in the above paragraphs of this complaint.

51. 42 U.S. Code § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

52. Defendant engaged in unlawful employment practices that violated 42 U.S.C §1981, by discriminating against Plaintiffs on account of Plaintiffs being of Black.

53. Defendant violated Section 1981 by intentionally discriminating against Plaintiffs in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment.

54. Plaintiffs' race characteristics were a determinative or motivating factor in Defendants' employment actions.

55. Defendant cannot show any legitimate nondiscriminatory reason for their employment practices and any reasons proffered by the Defendant for their actions against Plaintiffs are pretextual and can readily be disbelieved.

56. Plaintiffs' protected status played a motivating part in the Defendant's decisions even if other factors may also have motivated Defendant's actions against Plaintiffs.

57. Defendant's harassment and highly offensive conduct and statements to Plaintiff on account of Plaintiff's race adversely affected the terms, conditions, and privileges of Plaintiff's employment.

58. Defendant's conduct was adequately severe and pervasive so as to alter the work environment and create an abusive and hostile work environment for Plaintiff.

59. Defendant acted upon a continuing course of conduct.

60. Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Plaintiff, as Black individuals, of the equal rights afforded to them, in violation of 42 U.S.C. §1981.

61. Defendant violated Section 1981, and Plaintiffs suffered numerous damages as a result.

62. Plaintiffs makes their claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

63. As a result of Defendant's violation of Section 1981, Plaintiffs have been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiffs' contractual relationship which provided substantial compensation and benefits to the Plaintiff.

64. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

65. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiffs demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiffs are entitled.

## COUNT II:
## § 1981 RETALIATION
## BY ALL PLAINTIFFS

66. Plaintiffs incorporates by reference each and every allegation made in the above paragraphs of this complaint.

67. Plaintiffs, as individuals of Black race, were discriminated against by Defendant on account of their race, in violation of Section 1981.

68. Plaintiffs engaged in protected activity by making several complaints to the Defendant and opposing Defendant's unlawful actions.

69. Plaintiff was subjected to materially adverse actions at the time or within a relatively short time after the protected conduct took place.

70. There was a causal connection between the Defendant's materially adverse actions and Plaintiff's protected activity.

71. The Defendant's actions were "materially adverse" because they were serious enough to discourage a reasonable worker from engaging in protected activity.

72. As a result of the Defendant violations of Section 1981, Plaintiffs have suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiffs demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiffs are entitled.

## COUNT III:
## § 1981 HOSTILE WORK ENVIRONMENT
## BY ALL PLAINTIFFS

73. Plaintiffs incorporates by reference each and every allegation made in the above paragraphs of this complaint.

74. Defendants subjected Plaintiffs to harassment motivated by Plaintiffs' race characteristics as Black men.

75. At all-time relevant to this action, Defendant's conduct was not welcomed by Plaintiffs.

76. Defendant's conduct was so severe or pervasive that a reasonable person in Plaintiffs' position would find the work environment to be hostile or abusive.

77. Plaintiffs genuinely believed their work environment was hostile or abusive as a result of Defendant's conduct.

78. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

79. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

80. Defendant acted upon a continuing course of conduct.

81. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental

anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiffs demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

### COUNT IV:
### RACIAL DISCRIMINATION IN VIOLATION OF FLORIDA STATUE § 760.10
### BY ALL PLAINTIFFS

82. Plaintiffs incorporates by reference each and every allegation made in the above paragraphs of this complaint.

83. Florida Statute Section 760.10(1)(a) provides that:

    It is an unlawful employment practice for an employer:

    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

84. Plaintiff, a Black-Trinidadian man was subjected to disparate treatment on account of his race, including terminating his employment.

85. Defendant subjected Plaintiff to racial discrimination, hostile work environment, retaliation, and unlawful termination on account of his race.

86. Defendant violated Section 760.10 by intentionally discriminating against Plaintiff in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment on account of his race.

87. Plaintiffs' race characteristics were a determinative or motivating factor in Defendants' employment actions.

88. As a result of the Defendant's violations of Section 760.10, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiffs demands judgment against Defendant, and pray for the following relief: (1) an award of compensatory damages; (2) an award of reasonable attorneys' fees and costs of this action; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that the Defendant's conduct as set forth herein is in violation of Section 760.10; and (5) all additional general and equitable relief to which Plaintiff is entitled.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
        February 18, 2021

                                      **DEREK SMITH LAW GROUP, PLLC**
                                      *Attorneys for Plaintiffs*

                                            /s/Tiffani-Ruth I. Brooks, Esq.
                                            tiffani@dereksmithlaw.com
                                            701 Brickell Avenue, Suite 1310
                                            Miami, FL 33186
                                            (305) 946-1884